IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE OSVALSO MOLINA,<br><br>**Plaintiff**,<br><br>v.<br><br>UNION INDEPENDIENTE AUTENTICA DE LA AAA, *et al.*,<br><br>**Defendants**. | **CIVIL NO**. 05-2356 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

On December 30, 2005, plaintiff Jose Osvaldo Molina ("Molina") filed a complaint against defendants Union Independiente Autentica ("Union"), Jesus M. Diaz-Allende, Hector Rene Lugo, Jorge Urbina, Jose Morales, Pedro Irene Maymi, Juan Garcia, Wilfredo Medina, and Andres Carrasquillo, in their official and personal capacities. (Docket No. 1.) The complaint alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"); the Consolidated Omnibus Budget Reconciliation Act of 1985, 5 U.S.C. § 8905a ("COBRA"); the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"); the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 et seq ("LMRDA"); and Puerto Rico tort law 31 L.P.R.A. § 5141. (Docket No. 1.)

On May 8, 2008 this Court issued an Opinion and Order, adopting a United States Magistrate Judge's Report and

Civil No. 05-2356 (FAB)                                                 2

Recommendation.[1]  The order granted in part and denied in part defendants' motion to dismiss and granted defendants' motion to submit extrinsic documents only as to the Union's constitution and denied as to the other documents.[2]  (Docket No. 60.)  Specifically, the Court's order dismissed Molina's claims under LMRDA and under COBRA with prejudice.  The Court also dismissed Molina's Puerto Rico tort law claims which arose before December 30, 2004 with prejudice.[3]  Finally, the Court ordered Molina to file an amended complaint including detailed, conforming RICO allegations to cure the defects of his prior RICO pleadings.  The Court's order stated that "failure to comply with this order will result in the dismissal with prejudice of plaintiff's RICO claims."  (Docket No. 60.)

Molina's amended complaint alleges that the defendants violated RICO, ERISA, 29 U.S.C. § 1001 (hereafter "ERISA"), and

---

[1]  The Report and Recommendation was filed as Docket No. 52.

[2]  The Report and Recommendation ordered defendants to file a certified translation of the Union's constitution within thirty days (of the order).  (Docket No. 52).  The Report and Recommendation was filed on April 30, 2007.  Even following this Court's adoption of the Report and Recommendation on May 8, 2008, on there appears to be no filing by defendants of the certified translation as ordered by the Magistrate Judge or this Court.

[3]  All claims before this date are time-barred according to Puerto Rico's one-year statute of limitations period that runs from the time plaintiff became aware of the damage causing action.  See 31 L.P.R.A. § 5298; F.D.I.C. v. Banco Popular de P.R., 750 F.2d 1095, 1098 (1st Cir. 1983).  Plaintiff filed his complaint on December 30, 2005, therefore all tort claims based on allegations arising before December 30, 2004 are barred.

Civil No. 05-2356 (FAB)                                                3
_____

Puerto Rico's General Tort statute, Article 1802 of the Civil Code, P.R. Laws Ann. Tit. 31 § 5141.  <u>Id</u>.  On June 20, 2008, defendant Union[4] moved to dismiss the amended complaint on the grounds that "plaintiff [however] still failed to state a RICO and ERISA claim against the UIA, upon which relief should be granted."  (Docket No. 68.)

   The Court agrees with defendants that plaintiff's amended complaint does not comply with pleading standards set forth under RICO and under ERISA, and, therefore, fails to state a claim under which this Court could grant relief.

### Discussion

**I.   Motion to Dismiss Under 12(b)(6)**

   To survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief."  <u>Rodriguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 95 (1st Cir. 2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 1967 (2007)).  To avoid dismissal, the complaint must contain factual allegations that "raise a right to relief above the speculative level," or in other words, plaintiffs

---

   [4] Initially, the Motion to Dismiss was filed on behalf of defendant Union Independiente Autentica.  (Docket No. 68.)  On July 1, 2008, the Court granted co-defendants' Motion for Joinder.  (Docket No. 74).  Hence the Motion to Dismiss now applies to all defendants, and the Court treats it accordingly.

Civil No. 05-2356 (FAB)                                                    4

must "nudge[] their claims across the line from conceivable to plausible."[5]  Twombly, 550 U.S. at 555, 1974.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. See Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990).  The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the complaint's allegations.  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).  When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him."  McCoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir. 1991).  Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim.  Id. at 23 (citing Correa Martinez, 903 F.2d at 52).  Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory."  Goolev v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988).

---

[5] Notably, the U.S. Supreme Court "disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a 'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in relief of his claim which would entitle him to relief.'"  Margo Caribe, Inc., 490 F.3d at 95-96 (citing Twombly, 127 S.Ct. at 1969).

Civil No. 05-2356 (FAB)                                              5

## II.  Plaintiff's Failure to State a Claim Under RICO

In his amended complaint, plaintiff alleges that defendants deprived him of his property by, *inter alia*, removing plaintiff from his position as Delegate without due process, imposing monetary sanctions and threatening plaintiff with expulsion from the Union, depriving plaintiff of his health insurance plan, wrongfully withholding plaintiff's weekly stipend from him, embezzling Union funds belonging to the Plan de Salud de la Union Independiente Autentica, Inc. ("Health Plan") and the Union members, and conspiring to do the same.  In his opposition to defendant's motion to dismiss, plaintiff alleges that defendants are liable for violations of subsections (a) and (c) of 18 U.S.C. § 1962,[6] which provide:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce . . .
>
> * * *
>
> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of

---

[6] Plaintiff also alleges that defendants conspired to violate RICO, under subsection (d), which makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."  18 U.S.C. § 1962(d).

which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

"'To state a claim under section 1962(c) [or (a)], a plaintiff must allege each of the four elements required by the statute: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Fabrica de Muebles J.J. Alvarez, Inc. v. Westernbank de Puerto Rico, No. 09-1558, 2009 WL 4730776, at *4 (D.P.R. December 4, 2009) (citing North Bridge Ass., Inc. v. Boldt, 274 F.3d 38, 42 (1st Cir. 2001)).

The Court adopted in its entirety[7] the United States Magistrate Judge's Report and Recommendation regarding an earlier motion to dismiss filed in this case. That report determined that the plaintiff's original complaint failed to state a cause of action under RICO because the complaint failed to allege (1) the existence of a RICO "enterprise" and (2) a pattern of racketeering activity. We now address whether plaintiff's amended complaint can withstand a motion to dismiss.

### A. Failure to allege injury resulting from investment

Plaintiff alleges that defendants are liable pursuant to section 1962(a) because the Union received and retained funds from the pattern of racketeering activity. Plaintiff did not allege any

---

[7] The Court's only change to the Report and Recommendation related a typographical error regarding the correct filing date of plaintiff's original complaint.

Civil No. 05-2356 (FAB)                                                  7

injury, however, "'resulting from the investment of racketeering income distinct from an injury caused by the predicate acts themselves.'"  <u>Compagnie de Reassurance D'Ile de France v. New England Reinsurance Corp.</u>, 57 F.3d 56, 91 (1st Cir. 1995) (citations omitted).  In order to recover in a RICO action pursuant to section 1962(a), a plaintiff must prove that he or she was harmed as a result of defendant's use or investment of income derived from a pattern of racketeering activity in some enterprise.  <u>See</u> <u>id.</u>  Plaintiff has alleged injuries caused by defendant's "misappropriations of funds"; however, "[t]he subsequent use or investment of these funds has not resulted in any injury distinct from that caused by the predicate acts averred by Plaintiff."  <u>Fabrica de Muebles</u>, 2009 WL 4730776, at *5 (finding that plaintiff's claim pursuant to section 1962(a) is legally insufficient to survive a motion to dismiss where plaintiff failed to allege an injury caused by the use or investment of funds).  Because plaintiff has failed to allege such an injury here, his claim pursuant to section 1962(a) cannot withstand a motion to dismiss.

    **B.**    **Failure to allege the existence of a RICO "enterprise"**

        The First Circuit Court of Appeals has held that in order for a plaintiff's section 1962(c) claim to survive a motion to dismiss, "the 'person' identified pursuant to section 1962(c) must be distinct from the 'enterprise.'"  <u>Bessette v. Avco Financial</u>

Civil No. 05-2356 (FAB)                                                8

Services, Inc., 230 F.3d 439, 448 (1st Cir. 2000).  Plaintiff has identified the Union and the individual defendants as "persons" liable for engaging in the pattern of racketeering activity.  In his opposition to defendant's motion to dismiss, plaintiff maintains that "the 'enterprise' . . . is the 'Plan de Salud de la Union Independiente Autentica, Inc.' ("Health Plan")" (Docket No. 78.)  Plaintiff alleges that the Health Plan "is a separate and different entity to that of Defendant."  Id.  The evidence, however, shows otherwise.

According to the amended complaint, the Health Plan is a non-profit corporation organized by the Union, and the "Health Plan's Board of Directors was composed of the same individuals as the Union's Board of Directors, among them Co-defendants." (Docket No. 61.)  Thus, plaintiff admits that there is overlap in the identity of the "persons" and the "enterprise", which is fatal to his claim pursuant to section 1962(c).  The statute requires that the "persons" (i.e. the Union and the individual defendants) engaged in racketeering be distinct from the "enterprise" (in this case, the Health Plan) whose activities he or she seeks to conduct through racketeering.  See Compagnie De Reassurance D'Ile de France v. New England Reinsurance Corp., 57 F.3d 56, 92(1st Cir. 1995) (affirming dismissal of claims where there was no evidence that the enterprise "took any actions independent of its parent [defendant]" and thus the enterprise and defendant could not be found to be

distinct from each other); see, e.g., Miranda v. Ponce Federal Bank, 948 F.2d 41, 44-45 (1st Cir.1991) ("the same entity cannot do double duty as both the RICO defendant and the RICO enterprise"). Based on the evidence presented, the Court finds that the "persons" are not distinct from the "enterprise" and thus plaintiff's section 1962(c) claim fails to survive a motion to dismiss.

Because the report and recommendation adopted by this Court so clearly laid out the defects of plaintiff's RICO claims and nearly paved the plaintiff's pathway toward curing those defects by specifying the proper pleadings standards under the applicable statutes, this Court must dismiss plaintiff's amended RICO claims with prejudice.

### III. Plaintiff's Failure to State a Claim Under ERISA

Plaintiff alleges that defendants breached their fiduciary duty when they engaged in actions that deprived plaintiff and other union members of their benefits under the Health Plan.  In order to state a claim under ERISA, plaintiff must allege some injury-in-fact.  Bendaoud v. Hodgson, 578 F.Supp.2d 257, 263 (D.Mass. 2008) (noting that an ERISA plan participant asserting rights "on behalf of the plan" must assert an injury suffered); see, e.g. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (plaintiff must show an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent.")  Here, plaintiff alleges that co-defendants have deprived plaintiff of his

Civil No. 05-2356 (FAB)                                            10

"property and benefits" and asks this Court to grant relief so that plaintiff may "obtain the redress of his rights."  (Docket Nos. 61, 78.)  Plaintiff has not clearly stated any individual injury that he has suffered as a result of defendants' alleged embezzlement and diversion of funds from the Health Plan into their personal accounts.  The only allegation regarding an injury suffered from a breach of fiduciary duty that this Court can find in the amended complaint is that plaintiff and other union members were deprived "of better medical benefits." (Docket No. 61.)  Plaintiff does not specify which subsection of section 1132(a) he intended to bring suit under; his claim cannot survive a motion to dismiss, however, under either subsection (2) or (3) because plaintiff fails to articulate the harm he personally suffered as a result of defendants' actions.

     Pursuant to section 1132(a)(2), a beneficiary may bring suit "for appropriate relief under section 1109 [entitled Liability for breach of fiduciary duty]", which authorizes remedies to "protect the entire plan, rather than [] the rights of an individual beneficiary."  <u>Massachusetts Mut. Life Ins. Co. v. Russell</u>, 473 U.S. 134, 142 (1985) (concluding that section 1132(a)(2) did not authorize plaintiff's suit for compensatory and punitive damages for her employer's allegedly delayed payment of her benefits claim).  Section 1109, in turn, specifies that upon finding the

Civil No. 05-2356 (FAB)                                                11

fiduciary guilty of a breach, he or she will be personally liable to:

[ (1) ] make good to such plan any losses to the plan resulting from each such breach, . . . [ (2) ] . . . restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and [ (3) ] . . . such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a).

While the remedy pursuant to section 1132(a)(2) is limited to the plan itself, plaintiff must still allege a personally suffered injury in order to establish standing, which he has failed to do. See Bendaoud, 578 F.Supp.2d at 263; see also Russell, 473 U.S. at 142.

Pursuant to section 1132(a)(3), plaintiff may sue for individual relief for a breach of fiduciary duty.[8]  See Varity Corporation v. Howe, 516 U.S. 489, 510 (1996) (stating that "[t]he words of subsection (3)-'appropriate equitable relief' to 'redress' any 'act or practice which violates any provision of this title'- are broad enough to cover individual relief for breach of a fiduciary obligation."); see also 29 U.S.C. § 1132(a)(3).  For the same reason plaintiff's claim fails pursuant to section 1132(a)(2), it also fails here.  Plaintiff has not asserted any cognizable

---

[8] 29 U.S.C. § 1132(a)(3) provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

Civil No. 05-2356 (FAB)                                                12

injury that he suffered as a result of the alleged breach of fiduciary duty; thus, he cannot maintain a cause of action pursuant to section 1132(a)(3).

Additionally, the monetary remedy plaintiff seeks for the defendants' alleged breach of fiduciary duty is not recognized pursuant to section 1132(a)(3).  The phrase "equitable relief" in section 1132(a)(3) has been interpreted by the Supreme Court as being limited to "those categories of relief that were *typically* available in equity", which exclude money damages, which are "the classic form of *legal* relief."  Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209-210 (2002) (internal citations omitted); *cf.* Varity Corporation, 516 U.S. at 489 (granting individual beneficiaries equitable relief for breach of defendants' fiduciary obligations, which included reinstatement to their employer's old benefits plan).  The Supreme Court in Great-West affirmed the Court of Appeals's judgment that rejected plaintiff's request for money damages from defendants for an alleged violation of section 1132(a)(3), finding that the statute does not authorize the imposition of personal liability on defendants to compel the payment of money.  Id.  For the reasons stated above, plaintiff fails to state a claim for recovery pursuant to 29 U.S.C. § 1132(a)(2) and (3).

## IV. Plaintiff has Abandoned his Tort Law Claims in the Amended Complaint

In his original complaint, plaintiff alleged violations of Puerto Rico's local tort statute, P.R. Laws Ann. tit. 31, § 5141. This claim is "conspicuously absent" from plaintiff's amended complaint, and because the "amended complaint supercedes [the] original complaint", plaintiff has effectively abandoned his tort claim. Kolling v. American Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003) (finding that plaintiff has abandoned a claim that was omitted from his amended complaint, even though it was pled in his initial complaint); see also Almeida v. United Steelworkers of America Intern. Union, AFL-CIO, 50 F.Supp.2d 115, 127 (D.R.I. 1999) (dismissing cause of action based on a state statute and finding that the Court "need not grapple with the merits of this count" because plaintiff "has abandoned prosecution of this claim by failing to include it in his Amended Complaint, which purports to replace the original Complaint entirely.")  Thus, plaintiff's cause of action based on the Puerto Rico tort statute is dismissed.

## V. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Docket No. 5) is **GRANTED**.

This case is **DISMISSED, WITH PREJUDICE**.  Judgment shall be entered accordingly.

Civil No. 05-2356 (FAB)                                                    14

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 9, 2010.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE